# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANE LEE SHEPLER, | Civil Action No. 2: 14-cv-00066 |
| Plaintiff, | United States District Judge |
| v. | Cathy Bissoon |
| BRETT MILLARD and WAL-MART CONNECTION CENTER, | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.     Recommendation**

Before the Court is Defendant Brett Millard's Motion to Dismiss for Failure to State a Claim for Which Relief Can Be Granted (ECF No. 13). Upon review of the Complaint, and pursuant to the screening requirements for litigants proceeding *in forma pauperis*, the Court recommends sua sponte dismissal of the Complaint for failure to state a claim upon which relief can be granted, and denial of the motion to dismiss as moot.

**II.    Report**

   **A.    Legal Standard**

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'"

*Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, 110 Stat. 1321 (1996). Although Plaintiff is currently incarcerated, he is not seeking "redress from a governmental entity or officer or employee of a governmental entity" and therefore, §1915A does not apply to Plaintiff's complaint. 28 U.S.C. § 1915A. However, the amendments to the PLRA codified at 28 U.S.C. § 1915 apply to individuals who have been granted *in forma pauperis* ("IFP") status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that federal *in forma pauperis* statute is not limited to prisoner suits). Pursuant to 28 U.S.C. § 1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

Pertinent to the case at bar is the authority granted to federal courts for the sua sponte dismissal of claims in IFP proceedings. Specifically, Section 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential–Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

B.  Plaintiff's claims

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Report and Recommendation. On April 28, 2012, Plaintiff was arrested by the Pennsylvania State Police and charged with retail theft from the Indiana, Pennsylvania Wal-Mart Connection Center ("Wal-Mart"). *See* Exhibit #1 to Plaintiff's Complaint at 2 (ECF NO. 6-1). At the time of Plaintiff's arrest, Defendant Brent Millard ("Millard") was employed by Wal-Mart as an Asset Protection Associate. He believed that he had witnessed Plaintiff shoplifting and called the Pennsylvania State Police. *Id.* Plaintiff was then arrested and charged with retail theft.

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir.), *cert. denied*, -- U.S. --, 132 S.Ct. 861 (2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

According to the Complaint,:

> At the preliminary hearing Mr. Brent Millard testified that he stayed in the store with the Petitioner while the other associate followed, Amy Henry out to her car. Also Mr. Millard testified that Mr. Shepler never put anything in Henry's purse or (sic) did Shepler walk out of the store with any merchandise on him.
>
> Then at the Jury Trial Mr. Millard testified that he followed Amy Henry to her car while the other associate stayed in the store with Mr. Shepler. Mr. Millard also testified that he personally witnessed Mr. Shepler put items in Henry purse.
>
> Mr. Millard testified that he notified management of Wal-Mart via a walkie that we had two suspects concealing items into her purse.

*Id.* at 3. Because of Millard's contradictory testimony, an entry of *nolle prosequi* was entered. However, Plaintiff avers that as a result of this arrest, he received a "probation violation in the County of Jefferson Pennsylvania for which I received 3-1/2 to 7 years in state prison all because of Mr. Millard false testimonys (sic)." *Id.* at 2. As relief, Plaintiff seeks "justice." Complaint at 3, ¶ VI.

The actual causes of action asserted in Shepler's complaint are difficult to parse, but under a liberal reading Shepler appears to be alleging, presumably under 42 U.S.C. § 1983, that Millard violated "federal perjury" laws by giving false testimony as a witness in Plaintiff's state criminal proceedings. Other than stating that Wal-Mart was Millard's employer, there are no allegations in the Complaint against Wal-Mart. In Plaintiff's response to the motion to dismiss, however, he contends that his constitutional "rights were violated by Brett Millard and Wal-Mart management via a walkie approved Mr. Millard on his action to call the Pennsylvania State Police and file charges on the Plaintiff Shane Lee Shepler for receiving stolen property and retail theft on 28th day of April 2012." Response at 2 (ECF No. 16).

1. *State Actor Requirement*

In order to "state a claim of liability under § 1983 claim, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted); *Filarsky v. Delia*, -- U.S. --, 132 S. Ct. 1657, 1661 (2012). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . ., subjects, or causes to be subjected, any citizen of the United States of any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. Therefore, in order to state a claim under Section 1983, a plaintiff must allege not only that the defendant violated his constitutional rights, but also that the defendant was acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Commw. of Pa.*, 36 F.3d 1250, 1255–56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Maher v. Gagne,* 448 U.S. 122, 129, n. 11 (1980); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979).

An individual need not be "an officer of the State" in order to act under color of state law. *United States v. Price,* 383 U.S. 787, 794 (1966). Private actors who "corruptly conspire" with state officials to deprive individuals of federal rights act under color of state law within the meaning of § 1983. *Dennis v. Sparks,* 449 U.S. 24, 27–29 (1980). Liability under § 1983 extends to private parties involved in such conspiracies. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

A private entity can be sued under § 1983 where (1) it has exercised powers that are traditionally the exclusive prerogative of the State, *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995); (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170–171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, *Cruz v. Donnelly*, 727 F.2d 79, 81–82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 620 (1991); *Mark,* 51 F.3d at 1143. *See also DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"); *Jones v. Arbor, Inc.,* 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state).

The plaintiff bears the burden of establishing that a defendant is a state actor for purposes of Section 1983. *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1994) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Here, Plaintiff does not allege that defendants, Millard or Wal-Mart were acting under color of state law. Both defendants are private actors, not state officials or governmental entities

that would be subject to § 1983 liability.[2] Moreover, even if Defendants could be sued under § 1983, the Court finds that the allegations of the Complaint fail to support a cognizable claim under § 1983.

2. *Witness Immunity*

Assuming *arguendo* that Plaintiff's Complaint can be construed to sufficiently state a Section 1983 claim against Defendant Millard, he is immune from liability under Section 1983 because the conduct which lies at the heart of this claim - Defendant's testimony at Plaintiff's state criminal proceedings - was made at a court proceeding under the penalty of perjury. It is well settled that witnesses are absolutely immune from suit for testifying at trial or before a grand jury, as well as in pretrial proceedings, even if that testimony is false. *See Briscoe v. LaHue,* 460 U.S. 325, 342–46 (1983) (witness who testified in criminal trial had absolute immunity with respect to any claim based on the witness's testimony, even if the testimony was false); *Rehberg v. Paulk,* -- U.S. --, 132 S.Ct. 1497, 1506 (2012) (grand jury witnesses enjoy the same immunity as witnesses at trial—absolute immunity from any Section 1983 claim based on the witness' testimony); *Kulwicki v. Dawson*, 969 F.2d 1454, 1467 & n. 16 (3d Cir. 1992) (witness at judicial proceeding was absolutely immune for false testimony); *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1988) (witness was entitled to absolute immunity from civil liability under Section 1983 for perjured testimony at a preliminary hearing and suppression hearings).

---

[2] The Court recognizes that in those situations where private security guards are endowed by law with plenary police powers such that they are de facto police officers, they may qualify as state actors under the public function test. *Henderson v. Fisher*, 631 F.2d 1115 (3d Cir. 1980) (finding that the University of Pittsburgh's campus police were state actors.) However, the public

Plaintiff's claims against Defendant Millard stem from testimony Defendant gave while he was a witness at Plaintiff's state criminal proceedings. Therefore, because Plaintiff alleges no other conduct on the part of Defendant other than his actions during Plaintiff's state criminal proceedings, Defendant is absolutely immune from Section 1983 liability.

3.  *Leave to Amend Complaint Would Be Futile*

The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Given that Plaintiff lacks an arguable basis in law for his Section 1983 claims against either Defendant Millard or Wal-Mart, the Court recommends that it would be futile to allow him to amend his claims against either defendant.

4. *Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's State Law Claims*

Jurisdiction over supplemental claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, the Court has discretion to decline to exercise supplemental jurisdiction, if it "has dismissed all

---

function test has no applicability to the instant lawsuit.

claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The Court of Appeals has stated that "the district court must decline the . . . state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

In the case at bar, Plaintiff in his Response, for the first time asserts that he is claiming "false imprisonment." False imprisonment claims can be brought under either federal civil rights law or state tort law. Plaintiff does not specify which theory he intends to proceed on. However, as explained *supra*, the Complaint alleges no state action and, thus, Plaintiff cannot maintain a federal civil rights claim. Because the Court has recommended dismissal of Plaintiff's federal claims with prejudice, and given that there are no extraordinary circumstances which would warrant the exercise of supplemental jurisdiction over any pendent state law claims, the Court also recommends that supplemental jurisdiction not be exercised over Plaintiff's pendant state law claims.

### III. Conclusion

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's federal claims be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted, that Plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE, and that Millard's motion to dismiss (ECF No. 13) be DENIED AS MOOT.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed until November 21, 2014 to file objections. Failure to timely file objections will constitute a waiver of any appellate rights.

*Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

                                                  s/ Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge

Dated: November 4, 2014

cc:     SHANE LEE SHEPLER
        KX8935
        10745 Route 18
        Albion, PA 16475
        (via U.S. First Class Mail)

        Montgomery V. Bell
        Bell & Bell, Attorneys at Law
        (via ECF electronic notification)